UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| GTP STRUCTURES I, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WISPER II, LLC,<br><br>Defendant. | Civil Action No. 1:14-cv-01317-JDB-egb |

## ORDER DENYING DEFENDANT'S MOTION TO QUASH NUNC PRO TUNC GTP STRUCTURES I, LLC'S EXECUTION ON WRITS OF GARNISHMENT

On February 8, 2016, judgment was entered in this case for Plaintiff, GTP Structures I, LLC ("GTP"). (Docket Entry ("D.E.") 77.) On February 26, 2016, GTP filed an application for a writ of garnishment, and the Clerk issued such writ on February 29. (D.E. 78, 79.) The Clerk noted that GTP, as the filer, was responsible for contacting the United States Marshal Service to have the writ served. (D.E. 79.) On March 3, 2016, Defendant, Wisper II, LLC ("Wisper"), filed a motion to quash *nunc pro tunc* GTP's execution on the writs of garnishment. (D.E. 80.)

Rule 69 of the Federal Rules of Civil Procedure establishes that "[a] money judgment is enforced by a writ of execution," and the "procedure on execution . . . must accord with the procedure of the state where the court is located." Thus, Tennessee law applies. Tennessee Rule of Civil Procedure 62.01 provides that "no execution shall issue upon a judgment, nor shall proceedings be taken for its enforcement until the expiration of 30 days after its entry."

It is well-established law that "[t]he garnishor acquires no rights against the garnishee . . . until and unless the garnishment was properly served." *Dexter Ridge Shopping Cnt., LLC v. Little*, 358 S.W.3d 597, 611 (Tenn. Ct. App. 2010). GTP did not have the writ served upon Defendant until thirty-one days after the entry of judgment. (D.E. 81 at 3.) Wisper does not dispute it was not officially served until then. However, Defendant contends that the writ should be quashed because Plaintiff "attempted" to serve the writ within thirty days because it was forwarded an email stating the writ had been issued by the Clerk. (D.E. 80-1 at 2.) Wisper does not cite to any case law stating that forwarding an email regarding the issuance of the writ serves as an execution. Indeed, Defendant calls this an "attempt," rather than an execution. (*Id.*) Defendant provides no authority to the Court that giving informal notice of an issuance before the official execution undermines the writ's enforceability. As GTP officially served the writ in a timely manner by a United States Marshal, the Court finds that Defendant has failed to establish cause for the relief requested.

Accordingly, Defendant's motion to quash *nunc pro tunc* GTP Structures I, LLC's Execution on Writs of Garnishment is DENIED.

IT IS SO ORDERED this 21st day of March 2016.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE